UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
CIVIL DIVISION

| | | |
|---|---|---|
| ROBERTO RIOS, } | | |
| ON BEHALF OF HERSELF AND } | | |
| ALL OTHERS SIMILIARLY SITUATED, } | | |
| **}** | | |
| Plaintiff, } | Civil Action, File No. | |
| v } | 1:17-cv-02228-GHW | |
| } | | |
| NORTHLAND GROUP, INC., } | | |
| } | | |
| Defendant. } | | |

**COMPLAINT**

**DEMAND FOR TRIAL BY JURY**

Plaintiff, Robert Rios [hereinafter "Rios"] on behalf of himself and all others similarly situated, by and through his attorney, Mitchell L. Pashkin, Esq., complains of Defendant, Northland Group, Inc. ("Northland"), and alleges as follows:

1. This court has jurisdiction of this case pursuant to 15 U.S.C. § 1692k(d), 28 USCS § 1331, and/or pursuant to 28 USCS § 1332 (d)(2)(A).

2. Venue in this district is proper based on Northland's regular transaction of business within this district.  Venue in this district also is proper based on Northland possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency" in New York City which includes this district.  Northland also derives substantial revenue from services rendered in this district.  The aforementioned transaction of business and services includes but is not limited to the collection of debt from consumers who reside in this district.

3. Venue in this district also is proper in light of the occurrences which form the basis for this

Complaint having occurred in whole or in part in this district.

4. Plaintiff demands a trial by jury pursuant to FRCP 38 (b).

5. Rios is a natural person.

6. Rios is a "consumer" as defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

7. On or about November 10, 2015, Northland sent Rios the letter annexed as Exhibit A. Rios received and read Exhibit A. For the reasons set forth below, Rios's receipt and reading of Exhibit A deprived Rios of his rights to not be subject to abusive, deceptive, or misleading debt collection practices.

8. Per statements and references in Exhibit A, Northland sent Exhibit A to Rios in an attempt to collect a past due debt regarding "Capital One Bank (USA), N.A.".

9. Based upon Northland, via Exhibit A, having attempted to collect this alleged past due debt from Rios in his individual capacity, based upon the debt referred to in Exhibit A being related to an account with Capital One Bank (USA), N.A. which is an entity that issues credit card accounts to consumers, and based on Exhibit A not referring to any kind of business associated with the account with Capital One Bank (USA), N.A., the alleged past due debt at issue arose out of a transaction used primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

10. Northland is a Minnesota Domestic Corporation.

11. Based upon Exhibit A and upon Northland possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency", the principal purpose of Northland is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

12. On Exhibit A, Northland identifies itself as a "debt collector" attempting to collect a debt. Exhibit A contains disclosures required to be made by a "debt collector" under the FDCPA as part of a communication attempting to collect a 'debt' or in connection with the collection of a "debt".

13. Based upon the allegations in the above two paragraphs, Northland is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

## FIRST CAUSE OF ACTION-CLASS CLAIM

14. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-13 of this Complaint.

15. Exhibit A set forth an "Account Balance" of $2062.15.

16. Any "Account Balance" resulted from an agreement entered into between Rios and Capital One Bank (USA), N.A.

17. Upon information and belief, the aforementioned agreement allows Capital One Bank (USA), N.A. and any assignee or successor-in-interest to charge Rios interest, late charges, and/or other charges in addition to any "Account Balance".

18. The aforementioned right to charge Rios interest, late charges, and/or other charges in addition to any "Account Balance" is not waived by Capital One Bank (USA), N.A. or any assignee or successor-in-interest as a result of a failure at any point in time to charge Rios interest, late charges, and/or other charges in addition to any "Account Balance".

19. Exhibit A failed to notify Rios that his "Account Balance" may increase due to interest, late charges, and/or other charges. For the above reasons, as a result of this omission from Exhibit A set forth in this paragraph, Northland violated 15 USC § 1692e by sending Exhibit A to Rios.

**SECOND CAUSE OF ACTION--CLASS CLAIM**

19. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-13 of this Complaint.

20. Exhibit A sets forth an "Account Balance" of $2062.15.

21. Exhibit A does not set forth that the "Account Balance" of $2062.15 may increase due to interest, late charges, and/or other charges.

22. Since Exhibit A does not set forth that the "Account Balance" of $2062.15 may increase due to interest, late charges, and/or other charges, "the least sophisticated consumer" could read Exhibit A as meaning that the "Account Balance" of $2062.15 was static and that their payment of $2062.15 would satisfy the debt irrespective of when the payment was remitted.

23. NY CPLR 5001(a) provides as follows:

> "Interest shall be recovered upon a sum awarded because of a breach of performance of a contract, or because of an act or omission depriving or otherwise interfering with title to, or possession or enjoyment of, property, except that in an action of an equitable nature, interest and the rate and date from which it shall be computed shall be in the court's discretion."

24. "[A]n award of pre-decision or pre-verdict interest pursuant to CPLR 5001 on a damages award on a cause of action to recover damages in quantum meruit is mandatory, as it would be on a damages award on a cause of action to recover damages for breach of contract (*citations omitted*)". Tesser v. Allboro Equip. Co., 904 N.Y.S.2d 701, 73 A.D.3d 1023 (N.Y. App. Div., 2010).

25. Rios owed this past due debt under a theory of contract or quantum meruit and therefore NY CPLR 5001 is applicable to the past due debt set forth in Exhibit A.

26. NY CPLR 5001(b) provides as follows:

> "Interest shall be computed from the earliest ascertainable date the cause of action existed…"

27. As regards the past due debt set forth in Exhibit A, Capital One Bank (USA), N.A. had a guaranteed right to interest on the "Account Balance" of $2062.15 from the date of Exhibit A or an earlier date.  NY CPLR 5001 (a) and (b) and <u>Tesser v. Allboro Equip. Co.</u>, 904 N.Y.S.2d 701, 73 A.D.3d 1023 (N.Y. App. Div., 2010).

28. Based on the above, the "Account Balance" of $2062.15 set forth in Exhibit A was not static.  Instead, interest was in fact accruing on the "Account Balance" of $2062.15 set forth in Exhibit A from the date of Exhibit A or earlier than the date of Exhibit A.

29. Based on the above, Capital One Bank (USA), N.A. could seek the aforementioned interest that was accumulating after Exhibit A was sent but before the "Account Balance" of $2062.15 set forth in Exhibit A was paid.

30. In the alternative, Capital One Bank (USA), N.A. could have sold Rio's debt to a third party and based on the above such third party could seek the interest that accumulated after Exhibit A was sent but before the "Account Balance" of $2062.15 set forth in Exhibit A was paid.

20. Based on the above, since Exhibit A does not set forth that the "Account Balance" of $2062.15 may increase due to interest, Northland violated 15 USC § 1692e by sending Exhibit A to Rios.

**THIRD CAUSE OF ACTION-CLASS CLAIM**

21. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-20 of this Complaint.

22. Exhibit A sets forth the details of the alleged debt as follows:

> Total Amount Due as of charge-off:  2,062.15

      Total Amount of Interest Accrued:     $0.00
      Total Amount of Non-Interest Charges or Fees Accrued:     $0.00

23. If for the reason(s) set forth in the above causes of action Capital One Bank (USA), N.A., or any assignee or successor-in-interest, had a legal right to obtain from Rios interest, costs, or fees from the date of Exhibit A, Northland violated 15 USC § 1692e, 15 USC § 1692e(2)(A), and/or 15 USC § 1692e(10) by including in Exhibit A one or more of the above details of the alleged debt.

## FOURTH CAUSE OF ACTION--CLASS CLAIM

24. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-13 of this Complaint.

25. Upon information and belief, the "Account Balance" of $2062.15 exceeded the amount of the debt "charged-off" by Capital One Bank (USA), N.A. or the amount of the debt due Capital One Bank (USA), N.A. at the time Capital One Bank (USA), N.A. waived or otherwise lost its legal right to charge Rios interest, late charges, and/or other charges. For this and other reasons, Exhibit A amounted to a false, deceptive or misleading means by Northland in connection with the collection of a debt in violation of 15 USC 1692e, 15 USC 1692e(2)(A), 15 USC 1692e(5), and 15 USC 1692e(10), and/or amounted to an unfair or unconscionable means by MRS to collect or attempt to collect a debt in violation of 15 USC 1692f, and/or 15 USC 1692f (1).

## FIFTH CAUSE OF ACTION-CLASS CLAIM

26. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-13 of this Complaint.

27. Exhibit A did not set forth what Rios would need to pay to resolve the debt at any given moment in the future, and did not set forth an explanation of any fees and interest that would cause the "Account Balance" of $2062.15 to increase.

28. Exhibit A did not explain whether interest, or new fees or costs are accruing.

29. For the above reasons, Exhibit A did not set forth the amount of the "debt".

30. For this and other reasons, as a result of sending Exhibit A to Rios, Northland violated 15 USC 1692g.

## SIXTH CAUSE OF ACTION-CLASS CLAIM

31. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-13 of this Complaint.

32. Exhibit A amounted to a false, deceptive or misleading means in connection with the collection of a debt in violation of 15 USC 1692e, 15 USC 1692e(2)(A), and 15 USC 1692e(10).

## SEVENTH CAUSE OF ACTION-CLASS CLAIM

33. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-13 of this Complaint.

34. Exhibit A amounted to an unfair or unconscionable means to collect or attempt to collect a debt in violation of 15 USC 1692f, and/or 15 USC 1692f (1).

**CLASS ALLEGATIONS**

35. Plaintiff brings this action on behalf of a class pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

36. The classes consist of:

   I.   (a) all natural persons (b) who received a letter from Northland dated between November 10, 2015 and the present to collect a past due debt, (c) where, as regards the amount of the debt set forth in the letter, the letter set forth nothing beyond the current amount or balance of the alleged past due debt or nothing beyond the amount or balance the individual currently had to pay the settle the debt;

   II.  (a) all natural persons (b) who received a letter from Northland dated between November 10, 2015 and the present to collect a past due debt, (c) in a form materially identical or substantially similar to Exhibit A;

   III. (a) all natural persons (b) who received a letter from Northland dated between November 10, 2015 and the present to collect a past due debt due to Capital One Bank (USA), N.A., (c) where, as regards the amount of the debt set forth in the letter, the letter set forth nothing beyond the current amount or balance of the past due debt or nothing beyond the amount or balance the individual currently had to pay the settle the debt; and/or

   IV.  (a) all natural persons (b) who received a letter from Northland dated between November 10, 2015 and the present to collect a past due debt due to Capital One Bank (USA), N.A., (c) in a form materially identical or substantially similar to Exhibit A.

37. The class members are so numerous that joinder is impracticable. On information and belief, there are more than 50 members.

38. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members.

39. The predominant common question is whether Defendant's letters violate the FDCPA.

40. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases and class actions.

41. A class action is the superior means of adjudicating this dispute.

42. Individual cases are not economically feasible.

   **WHEREFORE**, Plaintiff requests the following relief:

   1. A Judgment against Northland in favor of Plaintiff and the class members for statutory damages, actual damages in an amount to be determined at trial, and costs and attorney's fees; and

   2. Any and all other relief deemed just and warranted by this court.

Dated:      April 10, 2017

/s/_____
Mitchell L. Pashkin, Esq. (MLP-9016)
Attorney For Plaintiff
775 Park Avenue, Suite 255
Huntington, NY 11743
(631) 629-7709